IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IMRAN SHAMS,<br>　　Plaintiff,<br><br>v.<br><br>HILLCREST DAVIDSON AND<br>ASSOCIATES, et al.,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No: 3:20-cv-1871 |
| BOSS EXOTICS, LLC<br>　　Counter-plaintiff,<br><br>v.<br><br>IMRAN SHAMS,<br>　　Counter-defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

### DEFENDANT'S FIRST AMENDED ANSWER AND COUNTERCLAIMS

Defendant Boss Exotics, LLC ("Boss Exotics") files this First Amended Answer and Counterclaims, subject to and without waiver of its motion to compel arbitration and motion to dismiss, and respectfully shows the Court as follows:

### I. SPECIFIC DENIALS

1.  Boss Exotics denies the allegations in paragraph 1 of Plaintiff's Class Action Complaint ("Complaint") that Plaintiff properly brought this action under section 1692 et seq. of Title 15 of the United States Code and is entitled to actual and statutory damages, costs, and reasonable attorney's fees.

2.  Boss Exotics denies the allegations in paragraph 2 of the Complaint.

3. Boss Exotics denies the allegations in paragraph 3 of the Complaint.

4. Boss Exotics admits a substantial part of the alleged events or omissions giving rise to the Complaint occurred in this District as alleged in paragraph 4 of the Complaint.

5. Boss Exotics admits the allegations in paragraph 5 of the Complaint.

6. Boss Exotics admits the allegations in paragraph 6 of the Complaint as to Plaintiff's status as a "Consumer" under the FDCPA and DTPA. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff is a "Consumer" as defined under the TDCA as alleged in paragraph 6 of the Complaint.

7. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff meets the definition of "Consumer Debt" under the FDCPA and TDCA as alleged in paragraph 7 of the Complaint. Otherwise, Boss Exotics denies the allegations in paragraph 7 of the Complaint.

8. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint.

9. Boss Exotics denies the allegation that Defendant Hillcrest is a debt collector "within the meaning of the 15 USC §1692(a)(6)" as alleged in paragraph 9 of the Complaint.

10. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint.

11. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint.

12. Boss Exotics admits the allegations in paragraph 12 of the Complaint.

13. Boss Exotics incorporates by reference all specific denials herein as applicable to the paragraphs incorporated by reference in paragraph 13 of the Complaint.

14. Boss Exotics denies the allegations in paragraph 14 of the Complaint as to any assertion that Plaintiff properly brings his claim on behalf of a class recognized by federal law.

15. Boss Exotics denies the allegations in paragraph 15 of the Complaint as to any assertion that Plaintiff properly brings his claim on behalf of a class recognized by federal law.

16. Boss Exotics denies there is any ascertainable class as alleged in paragraph 16 of the Complaint.

17. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint.

18. Boss Exotics denies the allegations in paragraph 18 of the Complaint.

19. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint as to Plaintiff and his attorneys' interests; otherwise, Boss Exotics denies the allegations in paragraph 19 of the Complaint.

20. Boss Exotics denies the allegations in paragraph 20 of the Complaint.

21. Boss Exotics denies the allegations in paragraph 21 of the Complaint.

22. Boss Exotics denies the allegations in paragraph 22 of the Complaint to the extent it seeks to modify the Federal Rules of Civil Procedure or Texas law, or the Court's orders.

23. Boss Exotics incorporates by reference all specific denials herein as applicable to the paragraphs incorporated by reference in paragraph 23 of the Complaint.

24. Boss Exotics denies the allegations that a Consumer Debt arose as alleged in paragraph 24 of the Complaint.

25. Boss Exotics denies the purchase was contingent upon the vehicle passing inspection and not having any "major mechanical issues" as alleged in paragraph 25 of the

Complaint. Boss Exotics further denies that it suggested the car inspection service referenced in paragraph 26 of the Complaint, as implied by paragraph 25 of the Complaint.

26. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint.

27. Boss Exotics denies the allegations in paragraph 27 of the Complaint.

28. Boss Exotics denies the allegations in paragraph 28 of the Complaint.

29. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint.

30. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint.

31. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint.

32. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint.

33. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint.

34. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint.

35. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint.

36. Boss Exotics lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 36 of the Complaint. Boss Exotic denies the allegations in the second sentence of paragraph 36 of the Complaint.

37. Boss Exotics admits the allegations in paragraph 37 of the Complaint.

38. Boss Exotics denies the allegations in paragraph 38 of the Complaint.

39. Boss Exotics denies the allegations in paragraph 39 of the Complaint.

40. Boss Exotics denies the allegations in paragraph 40 of the Complaint.

41. Boss Exotics denies the allegations in paragraph 41 of the Complaint.

42. Boss Exotics denies the allegations in paragraph 42 of the Complaint.

43. Boss Exotics denies the allegations in paragraph 43 of the Complaint.

44. Boss Exotics denies the allegations in paragraph 44 of the Complaint.

45. Boss Exotics denies the allegations in paragraph 45 of the Complaint.

46. Boss Exotics incorporates by reference all specific denials herein as applicable to the paragraphs incorporated by reference in paragraph 46 of the Complaint.

47. Boss Exotics denies the allegations in paragraph 47 of the Complaint.

48. Boss Exotics admits Plaintiff correctly recited certain statutory standards in paragraph 48 of the Complaint.

49. Boss Exotics admits Plaintiff correctly recited certain statutory standards in paragraph 49 of the Complaint.

50. Boss Exotics admits Plaintiff correctly recited certain statutory standards in paragraph 50 of the Complaint.

51. Boss Exotics denies the allegations in paragraph 51 of the Complaint.

52. Boss Exotics denies the allegations in paragraph 52 of the Complaint.

53. Boss Exotics incorporates by reference all specific denials herein as applicable to the paragraphs incorporated by reference in paragraph 53 of the Complaint.

54. Boss Exotics denies the allegations in paragraph 54 of the Complaint.

55. Boss Exotics denies the allegations in paragraph 55 of the Complaint to the extent they depart from the actual provisions of the Texas Finance Code. Otherwise, Boss Exotics admits Plaintiff correctly recited certain statutory standards in paragraph 55 of the Complaint.

56. Boss Exotics denies the allegations in paragraph 56 of the Complaint.

57. Boss Exotics incorporates by reference all specific denials herein as applicable to the paragraphs incorporated by reference in paragraph 57 of the Complaint.

58. Boss Exotics denies the allegations in paragraph 58 of the Complaint to the extent they diverge from the elements of breach of contract under Texas law.

59. Boss Exotics denies the allegations in paragraph 59 of the Complaint.

60. Boss Exotics incorporates by reference all specific denials herein as applicable to the paragraphs incorporated by reference in paragraph 60 of the Complaint.

61. Boss Exotics denies the allegations in paragraph 61 of the Complaint to the extent they diverge from the elements of breach of contract under Texas law.

62. Boss Exotics denies the allegations in paragraph 62 of the Complaint.

63. Boss Exotics denies the allegations in paragraph 63 of the Complaint.

64. Boss Exotics denies the allegations in paragraph 64 of the Complaint.

65. Boss Exotics denies the allegations in paragraph 65 of the Complaint.

66. Boss Exotics denies the allegations in paragraph 66 of the Complaint.

67. Boss Exotics denies the allegations in paragraph 67 of the Complaint.

68. Boss Exotics denies the allegations in paragraph 68 of the Complaint.

69. Boss Exotics denies the allegations in paragraph 69 of the Complaint.

70. Boss Exotics incorporates by reference all specific denials herein as applicable to the paragraphs incorporated by reference in paragraph 70 of the Complaint.

71. Boss Exotics denies the allegations in paragraph 71 of the Complaint.

72. Boss Exotics denies the allegations in paragraph 72 of the Complaint.

73. Boss Exotics denies the allegations in paragraph 73 of the Complaint.

74. Boss Exotics denies the allegations in paragraph 74 of the Complaint.

75. Boss Exotics incorporates by reference all specific denials herein as applicable to the paragraphs incorporated by reference in paragraph 75 of the Complaint.

76. Boss Exotics denies the allegations in paragraph 76 of the Complaint.

77. Boss Exotics denies Plaintiff is entitled to any of the damages and other relief requested in his Prayer for Relief.

## II.  AFFIRMATIVE DEFENSES

78. Boss Exotics asserts the affirmative defenses of estoppel, failure of conditions precedent, fraud, laches, material breach, release, unclean hands, and waiver.

## III.  DENIAL OF CONDITIONS PRECEDENT

79. Boss Exotics denies Plaintiff gave proper notice of claim under the Texas Deceptive Trade Practices Act, including Texas Business and Commerce Code section 17.505.

80. Boss Exotics denies Plaintiff gave proper notice of claim under the Texas Civil Practice and Remedies Code, including Texas Civil Practice and Remedies Code section 38.002.

## IV.  COUNTERCLAIMS

81. Boss Exotics files the following counterclaims subject to its motion to compel arbitration.

### A. Parties

82. Counter-plaintiff is Boss Exotics, LLC ("Boss Exotics"), a Texas limited liability company and defendant in the above-captioned proceeding.

83. Counter-defendant is Imran Shams ("Plaintiff"), a natural person residing at 9770 Cedar Knoll Dr., Mason, Ohio 45040, the Plaintiff in the above-captioned proceeding. Plaintiff appeared in this proceeding, and no service is necessary.

## B. Jurisdiction and Venue

84. This Court has supplemental jurisdiction over these counterclaims under 28 U.S.C. section 1367(a).

85. Plaintiff waived has appeared in this proceeding and waived personal jurisdiction.

86. Plaintiff has appeared in this proceeding and waived any challenge to venue.

## C. Factual Allegations

87. Boss Exotics and Plaintiff entered into an agreement for purchase of a 2013 McLaren MP4 Spider, VIN SBM11BAA5DW002812 ("Vehicle") on or about April 29, 2020 ("Sales Agreement").

88. The contract evidencing the Sales Agreement is attached to this pleading as Exhibit A.

89. Plaintiff executed the Sales Agreement.

90. Plaintiff agreed to the terms of the Sales Agreement.

91. The terms of the Sales Agreement required that full payment of the Vehicle was required within 7 days of the execution of the Sales Agreement.

92. Plaintiff failed to timely remit full payment as required under the terms of the Sales Agreement.

93. The terms of the Sales Agreement required that if Plaintiff did not fully pay for the Vehicle within 7 days of the execution of the Sales Agreement, Plaintiff would forfeit all money paid towards the Vehicle and pay a $20,000 contract buyout fee.

94. Plaintiff failed to pay the $20,000 as contract buyout fee as required under the terms of the Sales Agreement.

95. Boss Exotics demanded performance of the Sales Agreement from Plaintiff.

96. Plaintiff failed to perform its obligations under the Sales Agreement.

97. The terms of the Sales Agreement required that if any disputes were to arise in relation to the Vehicle or the Sales Agreement, Plaintiff waived his right to file a civil lawsuit and instead agreed to arbitration of such dispute.

98. Plaintiff filed the Complaint in breach of the Sales Agreement.

99. Plaintiff failed to seek arbitration in breach of the Sales Agreement.

100. Boss Exotics presented its claim for breach of contract to Plaintiff in accordance with Texas Civil Practice and Remedies Code section 38.002.

### D. Counterclaim for Breach of Contract

101. Boss Exotics incorporates by reference herein paragraphs 87–100 of these counterclaims.

102. Plaintiff and Boss Exotics entered into a binding contractual agreement for purchase of the Vehicle.

103. Boss Exotics performed, offered performance, or was excused from its essential obligations under the Sales Agreement.

104. Plaintiff breached the terms of the Sales Agreement.

105. Plaintiff's breaches of the Sales Agreement directly and foreseeably caused damages to Boss Exotics.

106. Due to Plaintiff's breaches of the Sales Agreement, Boss Exotics incurred, and will continue to incur, reasonable and necessary attorney's fees.

107.   Boss Exotics is entitled to recover its attorney's fees and costs under section 38.001 of the Texas Civil Practice and Remedies Code.

### E. Jury Demand

108.   Boss Exotics demands a jury for its counterclaims.

## VI. PRAYER

Subject to and without waiving its motion to compel arbitration and motion to dismiss, Boss Exotics respectfully requests the Court that it have judgment against Plaintiff for, among other things:

(i)   that Plaintiff take nothing on his claims;

(ii)   actual damages;

(iii)   attorneys' fees and expenses;

(iv)   pre- and postjudmgnet interest;

(v)   costs of court;

(vi)   such other and further relief to which Boss Exotics may be entitled, including general relief.

Respectfully submitted,

*/s/ Matthew Bourque*
Price L. Johnson
State Bar No. 24002363
Price@JohnsonBusinessLaw.com
Timothy Van Meir
State Bar No. 00794781
Tim@JohnsonBusinessLaw.com
Matthew A. Bourque
State Bar No. 24078245
Matt@JohnsonBusinessLaw.com
Emily K. Smith
State Bar No. 24093171
Emily@JohnsonBusinessLaw.com
**THE JOHNSON FIRM**
3001 Knox St., Suite 400
Dallas, Texas 75205
Telephone: (214) 468-9000
Telecopier: (214) 468-9025

**ATTORNEYS FOR BOSS EXOTICS**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document has been served on counsel for Plaintiff on December 15, 2020.

*/s/ Matthew Bourque*
Matthew Bourque

# Exhibit A



# BILL OF SALE

| | | | | | |
|---|---|---|---|---|---|
| Date | 4.29.2020 | | | | |
| Buyer | Imran Shams | | D.L. # | | |
| Address | 9770 Cedar Knoll Dr. | | S.S. # | | |
| City | Mason | State | OH | Zip | 45040 |
| Phone # | 407.928.4024 | | Email | in.shams@hotmail.com | |

| | | | | | |
|---|---|---|---|---|---|
| Year | 2013 | Make | Mclaren | Model | MP4 spider |
| VIN | SBM11BAA5DW002812 | Color | orange | Mileage | 16,500 |

**Wire payment instructions:**
Bank:            Bank of America
Account name:    BOSS Exotics
Wire routing #:  026009593
Account #:       488041934317

**Guarantee:**
Car is guaranteed to have no major mechanical issues or deposit will be refunded

| | |
|---|---:|
| Cash price | $89,975.00 |
| Added custom options | $0.00 |
| Shipping | $0.00 |
| Tax, title, license & fees | $0.00 |
| Total cost | $89,975.00 |
| Trade in credit | |
| Cash payment | |
| Check payment | |
| Wire payment | |
| Total payment | $0.00 |
| Balance due | $89,975.00 |

BOSS Exotics hereby announces that this vehicle may come with the standard factory warranty if it has not expired. The buyer understands that this is a used vehicle and any faults of the vehicle of any reason are the responsibility of the buyer for any potential repairs. The buyer understands the car comes as described in the listing on our site BossExotics.com. Boss Exotics makes no other representation, promises, guarantees, or agreements, oral or written expressed or implied, with respect to the automobile and that the vehicle is sold as is. Any buyer who lives in the state of Texas is subject to state tax. After the taxes are paid the title will be transferred into the buyers name and we will mail you the plates at your requested address and the state will mail you or your lienholder the new title. Out of state buyers will be mailed the title after payment is recieved in full and cleared and they will be responsible for paying their own taxes in their state. If we offer shipping as a service then the buyer understands that transportation is a third party service and there is no guarantee on how long it takes for a truck to be shipped or delivered. Typically, shipping takes a week on average to deliver your vehicle to your chosen address but delivery time can vary depending on geography, weather and traffic conditions. The buyer is aware of the vehicles history as presented in the Carfax. BOSS Exotics does not guarantee any information related to the Carfax, but rather Carfax is just a reference for known data of vehicle history. The buyer understands that full payment of the car is required within 7 days of execution of this bill of sale. This is a legal binding contract and if the buyer does not pay for the car in full within those 7 days then the buyer agrees to forfeit all money paid towards the car no matter how much was paid and agrees to pay a $20,000 contract buy out fee. The buyer understands that all sales are final. The buyer agrees that if any legal proceedings in relation to this transaction ever were to arise that it would have to be filed in the county of Dallas, Texas only. However, the buyer agrees that if any disputes were to arise on their behalf related to the vehicle or this contract that they agree to waive their right to file legal suit in court and instead seek arbitration which would be at their costs only and not shared by BOSS Exotics. The buyer agrees to accept any legal notices to the email listed on this bill of sale as substitute service instead of registered mail or agent. The buyer agrees to a non disclosure agreement which prevents them from communicating publicy about their purchase in any manner and agrees to not slander or write negative reviews against the company if any disputes arise or buyer will pay same fee as the contract buy out amount listed above. By signing below this document also acts as an unlimited power of attorney that does not expire and also allows any agent of BOSS Exotics to handle any banking transactions, title work, or to perform any other action necessary to fullfill this contract. It also gives any of BOSS Exotic's agents authority to speak to financial institutions or any party related to this transaction on their behalf. The buyer understands that if any legal action is needed to enforce violations of the contract that the buyer agrees to pay for all of seller's financial losses, damages, legal fees and collection fees within 30 days of notice. This contract also supersedes and voids all other prior contracts between both parties

| | | |
|---|---|---|
| **Signature of buyer:** *Imran N. Shams (Apr 29, 2020)* | **Date:** | Apr 29, 2020 |

BossExotics.com          2807 Allen St. #617, Dallas, TX 75204          323.283.9507